IN THE MATTER OF SILYONDER ENNIX, A MINOR CHILD, DATE OF BIRTH: 9/18/75; RESPONDENT, MARVEY JONES

No. 855DC11

(Filed 3 September 1985)

**Parent and Child § 1.6— termination of parental rights—evidence sufficient**

The evidence was more than sufficient to meet the clear, cogent, and convincing standard required for termination of parental rights under G.S. 7A-289.30(e) where the child became a quadriplegic at an early age as a result of improperly administered anesthesia; a malpractice action on her behalf resulted in a substantial trust fund and a settlement of $15,000 to the mother; the settlement to the mother was spent on clothing, an automobile, and travel; the child was found to be neglected in 1977 and placed in foster care; respondent lived in a motel during the first six months that the child was placed with DSS but visited the child only a few times and frequently made drunken telephone calls to DSS; respondent later moved to Florida and made only approximately thirteen trips to see the child after 1977 despite being given approximately $500 from the trust fund for each trip; respondent lived in a house purchased with trust fund monies, made payments in excess of $500 per month from that fund, and refused to release any money from the trust fund to DSS for the care and benefit of the child; respondent failed to complete a program of alcoholic rehabilitation counseling to become self-sufficient, to provide a stable home environment and adequate housing for the child, or to locate sources of training and assistance for the child, despite her agreement to do so; respondent did not visit with the child at appointed times, did not adequately feed the child, was sometimes drunk on her trips to Wilmington, and once attempted to leave North Carolina with the child; and on one occasion the child was found wearing only an undershirt, a Pamper and socks, and at another time respondent asked someone to buy a can of spaghetti and meatballs for the child's breakfast, which the child could not eat because of difficulty in swallowing due to her handicap.

APPEAL by respondent from *Tucker, Judge.* Order entered 13 August 1984 in District Court, NEW HANOVER County. Heard in the Court of Appeals 14 August 1985.

This is a proceeding instituted by Mary Humphrey, petitioner, to terminate the parental rights of Marvey Jones, respondent, with respect to Silyonder Ennix, pursuant to G.S. 7A-289.24.

From an order terminating her parental rights with respect to Silyonder, respondent appealed.

*Julia Talbutt, for the New Hanover County Department of Social Services.*

*Payne, Boyle & Davis, by Karen Paden Boyle, for Mary Humphrey, petitioner, appellee.*

*J. H. Corpening, II, for Guardian ad Litem.*

*Michael R. Mitwol, for respondent, appellant.*

HEDRICK, Chief Judge.

Respondent on appeal presents four questions for review, all variations of one issue: whether the evidence presented at the termination hearing conformed to the "clear, cogent, and convincing" standard required by N.C. Gen. Stat. Sec. 7A-289.30(e) such that it supported the findings of fact and conclusions of law drawn therefrom.

After the hearing the court made findings of fact which, except where quoted, are summarized as follows:

Silyonder Ennix was born to respondent Marvey Jones and Louis Ennix on 18 September 1975. As a result of improperly administered anesthesia at an early age, she became a quadriplegic, requiring specialized care in feeding, bathing, and sleeping arrangements. A malpractice action was filed on her behalf, resulting in both a substantial trust fund of which Silyonder is the beneficiary, and a settlement of $15,000 to respondent, which was spent on clothing, an automobile, and travel.

On 13 October 1977, after a trial court found her to be a neglected child, Silyonder was placed in the care of the New Hanover County Department of Social Services, and then in the foster care of Mary Humphrey. This determination and placement were made partly on the basis of an incident in which respondent left Silyonder and several of her siblings, the oldest of whom was seven, alone late at night in a hotel room while she [respondent] visited with a man in another part of the hotel.

During the first six months that Silyonder was placed with the Department of Social Services, respondent lived in a motel in New Hanover County, but visited with her child only a few times and frequently made drunken telephone calls to the Department of Social Services. Respondent later moved to Florida, and has

made only approximately thirteen trips to see Silyonder since October 1977, despite being given approximately $500.00 from Silyonder's trust fund for the travel expenses of each trip.

Respondent now lives in a house purchased with monies from her daughter's trust fund, and continues to make mortgage payments in excess of $500.00 per month from that fund. At the same time, respondent has refused to release any money from the trust fund to the New Hanover Department of Social Services for the care and benefit of Silyonder.

The court further found that respondent had agreed to

complete a program of alcoholic rehabilitation counselling and to provide documentation of satisfactory completion of such counselling; to become self sufficient for a source of income; to arrange visits with Silyonder in Wilmington, North Carolina and to give notice so that Silyonder could be prepared for the visit; to provide a stable home environment and adequate housing for Silyonder; and to locate sources for training and assistance with Silyonder because of her special handicaps.

Instead of carrying out this program, respondent did not visit with Silyonder at the appointed times, did not adequately feed the child, was sometimes drunk on her trips to Wilmington, and at one point attempted to leave North Carolina with Silyonder. On one occasion, Silyonder was found wearing only an undershirt, a Pamper and socks, and at one other time, respondent asked someone to buy a can of spaghetti and meatballs for Silyonder's breakfast, which the child could not eat because of difficulty in swallowing due to her handicap.

Based on its findings of fact, the trial court made the following conclusions of law:

1. That Respondent has wilfully left Silyonder in foster care for more than two (2) consecutive years without showing to the satisfaction of the Court that substantial progress has been made in correcting those conditions which led to the original removal of Silyonder for neglect.

2. That Respondent has wilfully left Silyonder in foster care for more than two (2) consecutive years without showing

a positive response to the diligent efforts of the New Hanover County Department of Social Services to encourage Respondent to strengthen the parental relationship to Silyonder and to follow through with constructive planning for the future of Silyonder.

3. That Respondent has left Silyonder in the custody of the New Hanover County Department of Social Services since 1977 without paying any cost of the care of the minor child.

4. That it is in the best interest of the minor child that the parental rights of Marvey Jones be terminated.

N.C. Gen. Stat. Sec. 7A-289.32 sets forth the grounds upon which a termination of parental rights may be made. These include 1) a court's finding that the child in question is a neglected child (Sec. 7A-289.32(2)), 2) a finding that the parent has wilfully left the child in foster care for more than two consecutive years without showing to the satisfaction of the court that substantial progress has been made within two years in correcting those conditions which led to the removal of the child (Sec. 7A-289.32(3)), and 3) a finding that while in the custody of a county department of social services, the parent has failed to pay a reasonable portion of the cost of care of the child (Sec. 7A-289.32(4)).

We hold the evidence presented was more than sufficient to meet the "clear, cogent, and convincing" standard applicable in this case, and to support the findings made by the trial court. These findings clearly support the conclusions of law drawn therefrom and support the order terminating Marvey Jones' parental rights.

Affirmed.

Judges WEBB and WELLS concur.